United States District Court
Southern District of Texas
ENTERED
August 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **FIDENCIO ALEJANDRE-MARTIR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01463** |
| | § | |
| **MARIO GARCIA, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), brought by *pro se* Petitioner Fidencio Alejandre-Martir ("Petitioner") challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner is a native and citizen of Mexico who has been in ICE custody for approximately four months. (*See* Dkt. 3 at 1; Dkt. 12 at 2.) On July 8, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Mexico. (Dkt. 3 at 2; Dkt. 12 at 2, Attach. 2.)[1] Petitioner alleges that he filed a timely appeal of his removal order with the Board of Immigration Appeals (BIA) on August 5, 2026. (Dkt. 3 at 2.) However, it appears the Notice of Appeal was rejected by the BIA on August 12, 2026 because of an issue with the Proof of Service. (Dkt. 12 at 2, Attach. 3.) Accordingly, as there is no appeal pending, Petitioner has an administratively final order of removal. *See* 8 C.F.R.

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

§ 1241.1(c) (stating that an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

Petitioner filed his Petition for Writ of Habeas Corpus on August 17, 2026. (Dkt. 1.) Petitioner alleges that his prolonged detention violates his rights under the Due Process Clause of the Fifth Amendment. (*Id*. at 6.) The Court ordered Respondents to file a response on or before August 24, 2026. (Dkt. 7.) The Government filed a timely response and Motion to Dismiss, (Dkt. 12), arguing that Petitioner's detention is governed by 8 U.S.C. § 1231(a) because his order of removal became administratively final less than 90 days ago. (*Id.* at 3–6); *see* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(c).

The Government correctly asserts that Petitioner's detention is now governed by 8 U.S.C. § 1231(a) because he has an administratively final order of removal. Pursuant to § 1231, once an IJ issues a removal order and that order becomes "final," the Attorney General has 90 days to affect the detainee's departure from the United States. *See* 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) *cert. denied*, 549 U.S. 1132 (2007). In general, during this 90-day removal period, the detainee must remain detained. 8 U.S.C. § 1231(a)(2). If the detainee is not removed within that 90-day period, he may become eligible for supervised release until removal can be accomplished, or DHS may continue to detain him for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 689 (2001); *see also Clark v. Suarez Martinez*, 543 U.S. 371, 385 (2005). In *Zadvydas*, the Supreme Court emphasized that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal and that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699 (citations omitted). Regarding the

reasonableness of continued post-removal-order detention, the Supreme Court also determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final. *Id.* at 701.

As of the date of his order, Petitioner has been detained for less than 90 days since his order of removal became final on August 7, 2026, and thus, any claim for release under *Zadvydas* is premature. (*See* Dkt. 12 at 2); 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). Petitioner is advised that he may re-file his petition if he remains in custody and he can establish that his detention has become unconstitutionally prolonged under *Zadvydas*.

**CONCLUSION**

Accordingly, Respondents' Response to Petition for Writ of Habeas Corpus Motion to Dismiss or Alternatively, Motion for Summary Judgment, (Dkt. 12), is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** as premature. The Clerk of Court is hereby **DIRECTED** to terminate the case and all pending motions.

Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner by any receipted means at the following address:

**Fidencio Alejandre-Martir**
**A # 221-375-452**
**Webb County Detention Center**
**9998 S. Highway 83**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this August 27, 2026.

Diana Saldaña
United States District Judge